UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:13-CV-190-H

BONNIE DISCH and GORDON DISCH                                    PLAINTIFFS

V.

ABM GOVERNMENT SERVICES, LLC,
f/k/a LINC GOVERNMENT SERVICES,
LLC, and THE MURPHY ELEVATOR
COMPANY                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, The Murphy Elevator Company ("Murphy"), has moved to dismiss the amended complaint on the grounds that it was not commenced within one year after the cause of action arose and is thus barred by Kentucky's limitation statute, KRS 413.140(1)(a). The Court agrees with the motion and for the reasons that follow will dismiss the complaint as to Murphy.

The relevant facts are quite straightforward. Plaintiff, Bonnie Disch, allegedly fell and broke her hip while walking at Ireland Army Hospital on May 18, 2011. On May 8, 2012, she filed a complaint in Hardin Circuit Court against various different government contracting services, but not against Murphy.

Subsequently, the Hardin Circuit Court granted the motion of those Defendants to dismiss the case due to the lack of subject matter jurisdiction. Plaintiffs appealed to the Kentucky Court of Appeals, but subsequently asked that their appeal be dismissed in order that they might file a new action in this Court.

On January 31, 2013, Plaintiffs filed a complaint in this Court alleging the same causes of action against the same Defendants as in the original state court action. Once again, Murphy was

neither mentioned or named as a defendant. On August 21, 2013, Plaintiffs moved for leave to file an amended complaint which included Murphy as a defendant and this Court granted that motion. Soon after being served with summons, Murphy filed this motion to dismiss.

There is no doubt that KRS 413.140(1)(a) governs the statute of limitations which applies to Plaintiffs' personal injury action against Murphy. Moreover, no one can dispute that Plaintiffs filed their claims against Murphy over a year after the expiration of that limitations period. The only question remaining is whether there is some reason why the statute of limitations should not be applied to bar Plaintiffs' claim against Murphy. Plaintiffs' main argument seems to be that Kentucky's discovery rule tolls the running of the statute of limitations period. The Kentucky Supreme Court set forth its most recent explanation of the discovery rule in *Fluke Corp. v. LeMaster*, 306 S.W.3d 55 (Ky. 2010). In that case, the court stated:

> Delaying the accrual of the cause of action or tolling the running of the statute of limitations by operation of the discovery rule or the equitable estoppel doctrine is reserved for truly exceptional circumstances, such as where the injury itself is not immediately discoverable or the product's potential role in causing an accident is actively obscured by the defendant's concealment or false representations.

*Id.* at 67. The *Fluke* case and many others have made it clear that the discovery rule is an exceptional circumstance to the normal application of statute of limitations. *See Vandertoll v. Commonwealth*, 110 S.W.3d 789, 797 (Ky. 2003).

Here, Plaintiff had every reason to know that she was injured and had every opportunity and indeed an obligation "to investigate and discover the identity of the tortfeasor within the statutory time constraints." *Queensway Fin. Holdings Ltd., v. Cotton & Allen, P.S.C.,* 237 S.W.3d 141, 151 (Ky. 2007). As Defendant has asserted, if Plaintiff is not apparently reasonably

2

diligent in conducting such an investigation, the discovery rule will not toll the statute of limitations. *See Hazel v. Gen. Motors Corp.*, 83 F.3d 422 (6th Cir. 1996) (interpreting Kentucky law). Plaintiffs have not suggested any scenario under which they could not discovered Murphy's alleged involvement in their injuries or the causation of them, if that is even true. Consequently, the Court concludes that the discovery rule does not act to toll the applicable statute of limitations.

Plaintiffs also argue that its claims against Murphy relate back to its original complaint under Kentucky Rule of Civil Procedure 15.03. However, so far as the Court can tell, Plaintiffs have failed to comply with Rule 15.03. They make no allegation that Murphy had actual or constructive knowledge of the lawsuit during the limitations period. They also failed to make any allegation that Murphy had any sort of special relationship with the other Defendants which might have imposed a duty on those parties to advise Murphy of the lawsuit during the limitations period. Plaintiffs appear to make no allegation other than the other Defendants and Murphy were separate entities working on the same project. The Court notes that Plaintiffs only filed his original lawsuit in state court 10 days prior to the expiration statute. Therefore, there was little time within which anyone, particularly Murphy, may have been apprised of it within the statutory period.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Murphy's motion to dismiss is SUSTAINED and the complaint against Murphy Elevator Company is DISMISSED WITH PREJUDICE.

cc: Counsel of Record