UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-190-H

BONNIE DISCH and GORDON DISCH        PLAINTIFF

v.

ABM GOVERNMENT SERVICES, LLC, et al.        DEFENDANT

**MEMORANDUM OPINION & ORDER**

In the afternoon of May 18, 2011, Bonnie Disch slipped and fell while walking in the hallway at a government hospital on Fort Knox's base. The Disches bring this suit against Defendant, ABM Government Services, LLC ("ABM") for negligence and loss of consortium. ABM was one of the government contractors in the building that day and the Disches allege that ABM personnel tracked the substance Bonnie Disch slipped on after servicing an elevator earlier in the day. ABM has filed a motion for summary judgment and that matter is fully briefed. For the reasons below, summary dismissal is inappropriate at this time.

I.

In the early morning hours of May 18, 2011, firefighters responded to a call that someone was stuck on a stalled elevator in the hospital. After extracting the passenger, firefighters informed Robert Sargent, ABM's Site Project Manager, that the existing access panels on the top of the elevator needed to be functional for cases of emergency.[1] At the time of the incident, ABM had a contract with the U.S. Government to perform general building maintenance. It was ABM's responsibility to address the bolted-down access panel problem. The United States had a

---

[1] The elevators had been in continuous operation since the 1950s. At some point, the access panels on the roof of the elevator cart had been bolted shut.

different contract with Murphy Elevator Company. Murphy fixed the switch problem that caused the elevator to stall at some unspecified point in the day.[2]

After receiving the call from the firefighters, Sargent and a Murphy employee visited the elevator to perform a visual inspection. The men were on the roof of the elevator for this inspection, and at this point, the roof was level with the floor of the hallway where Bonnie Disch later fell.

The parties' versions of the events diverge, or at least cease to overlap, at this point. In Sargent's affidavit, he reported that he heard that a woman had fallen in the hall near the elevator, called the same Murphy employee back to the scene with him, and the two inspected their shoes and the top of the elevator and saw no grease or other substance.

Kenneth Rector, a long-time civil servant of the hospital, fills in some details that, if believed, could make it reasonable to link the substance back to ABM employees. Rector says that mid-morning on May 18, he walked past the elevator and saw two uniformed ABM employees on top of it. The elevator was stopped mid-way between the floor where Ms. Disch fell and the next one at this point. Mr. Sargent's affidavit did not mention that there were ABM employees on the elevator later in the day after his visual inspection. However, in a subsequent deposition, he reported that he checked his and other ABM employee's boots after hearing about a woman falling. This would not seem necessary to do if there were not work being done by other ABM employees later in the day, closer in time to Ms. Disch's fall.

If the jury believes Mr. Rector's testimony, one permissible inference would be that the grease-like substance on the floor came from ABM employees. This is not a strong case. However, at this point, it is clear that there are preliminary credibility issues within the province

---

[2] Murphy's service records show that it was not in the building after 6:30 a.m. or before 3:30 p.m.

of the jury that could inform whether the question of Defendant's liability should be put to a jury. At this time, those issues make summary judgment for ABM improper. The Court will reconsider this issue upon completion of Plaintiffs' proof.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment (DN 29) is DENIED.

cc: Counsel of Record